# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MARION LEROY JONES, § § Plaintiff, § § v. § § I. BENTON, et al., § § Defendants. § | Case No. 6:24-cv-474-JDK-JDL |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE FOR PARTIAL DISMISSAL

Plaintiff Marion Jones, proceeding pro se, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights. Docket No. 7. Plaintiff named Officer I. Benton, Major Lofton, an unknown white female captain, Warden Larue, and Officer McFarland, officials at the Johnston Unit in Winnsboro, Texas, as Defendants. *Id.* The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Docket No. 3.

On July 7, 2025, Judge Love issued a Report and Recommendation recommending that all of the Defendants other than Officer Benton be dismissed. Docket No. 9. Plaintiff objected. Docket No. 12.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds*

1

*by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## I.

Plaintiff objects to several of the Report's findings. First, Plaintiff objects to the dismissal of Major Lofton. Docket No. 12. In the Report, the Magistrate Judge determined that Plaintiff's claim against Major Lofton failed to state a claim upon which relief may be granted because the disciplinary case against the Plaintiff was overturned. Docket No. 9. Plaintiff objects to this finding, claiming that his due process rights were violated because he "was found guilty of a disciplinary infraction before being given a chance to be heard." Docket No. 12 at 1–2. Specifically, Plaintiff argues "the fact that Major Lofton had guilty circled on the disciplinary report before the hearing started was in fact a violation of [his] due process rights to an impartial decision maker in the hearing." *Id.* He further alleges that an administrative reversal does not moot a damages claim, citing the Seventh Circuit's decision in *Chavis v. Rowe*, 643 F.2d 1281, 1288 (7th Cir. 1981) (holding that a prisoner stated a live claim for damages for the time spent in segregation on a disciplinary case which was later overturned). *Id.* Even if *Chavis* represented good law in the Fifth Circuit, the case pre-dates the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), which held that prison regulations do not automatically create a protected liberty interest for inmates. As a general rule, confinement in segregation, the loss of opportunity to earn good time, and restrictions on commissary or recreation privileges do not implicate protected liberty interests.

2

*See, e.g., Espinoza v. Benoit*, 108 F.App'x 869, 871 (5th Cir. 2004); *Antone v. Preschel*, 347 F.App'x 45, 46 (5th Cir. 2009). While Plaintiff could have a liberty interest in his good time if he is eligible for release on mandatory supervision, the overturning of his disciplinary case would result in the restoration of any good time he may have lost. The Magistrate Judge thus correctly determined that Plaintiff's claims concerning the disciplinary case did not implicate any protected liberty interests. Plaintiff's objections in this regard are without merit.

Next, Plaintiff says that he was locked in a restroom with handcuffs so tight that they impeded the circulation to his hands. Docket No. 12 at 2. The Magistrate Judge correctly determined that claims of handcuffing too tightly, without more, do not amount to excessive force. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (plaintiff failed to state an excessive force claim under the Fourth Amendment where the handcuffs were applied too tightly, causing a swollen wrist); *Templeton v. Jarmillo*, 28 F.4th 618, 623 (5th Cir. 2022) (excessively tight handcuffs causing pain in the shoulder did not state a constitutional claim); *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007) (claim that police twisted plaintiff's arm behind her back while handcuffing her, jerked her all over the carport, and applied handcuffs too tightly causing bruises and marks on her wrists and arms did not state a constitutional claim). Plaintiff's objection on this point is without merit.

Plaintiff also claims he was denied medical attention. Docket No. 12 at 3. As the Magistrate Judge observed, Plaintiff states that he was seen by a nurse, who assessed his injuries but provided no medical care. But Plaintiff sued the captain—not the nurse—and fails to show that the nurse's failure to provide him with medical care was the fault or responsibility of the captain. Thus, this objection is without merit.

Finally, Plaintiff contends that his complaint about McFarland is not that he was denied parole, but that she denied him due process and "conspired to cover up cruel and unusual punishment." Docket No. 12 at 4. He says that on September 7, 2022, he entered a substance abuse community program and signed an individual treatment plan. *Id.* Upon completion of the program, Plaintiff claims he would be processed for release to an after-care facility if he had served the required time to be parole eligible and met all of the Board's requirements for release, including the special needs offender program, substance abuse treatment, an electronic monitoring program, weekly urinalysis for two months, and gainful employment. *Id.*

Plaintiff states that he completed the first two of these requirements and was scheduled to be released on March 7, 2023. *Id.* However, on February 28, 2023, Plaintiff claims McFarland falsified information about his completion of the program at the parole hearing and his parole was withdrawn. *Id.* He says that he was not given the chance to show that he completed the program and that he earned a certificate, which was torn up. *Id.* He states that the therapeutic community program is still a requirement on his individual treatment plan, which he says is a contract to which he and the Parole Board agreed. *Id.* Plaintiff also argues that inaccurate information in an inmate's parole file increases the risk of erroneous parole decisions and says that changes in statutes and regulations can violate the Ex Post Facto Clause even if the State's parole statutes and regulations do not create a liberty interest or entitlement protected by due process; however, he does not point to any changes in statutes or regulations to which this could apply.

Although Plaintiff casts his claim as a due process violation, the Fifth Circuit has held that an allegation that false information was inserted into a parole file, resulting in the denial of parole, does not set out a constitutional claim. *Palmer v. Wyeth*,

163 F.3d 1354, 1998 WL 857388, *2 (5th Cir. 1998). In addition, the fact that the Parole Board considers unreliable or even false information in making parole determinations, without more, does not amount to a federal constitutional violation. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). This is because Texas prisoners have no protected liberty interest in parole and therefore cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds. *Id.* Plaintiff's claim that McFarland provided false information to the parole review panel thus does not set out a constitutional claim, and his objection on this point is without merit.

## II.

Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. The Court therefore adopts the Report and Recommendation of the United States Magistrate Judge as the findings of this Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report dated July 7, 2025 (Docket No. 9) is **ADOPTED** as the opinion of the District Court. All of Plaintiff's claims except for those against Officer Benton are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further **ORDERED** that all Defendants in this case except for Officer Benton are **DISMISSED** as parties to this lawsuit. Officer Benton has answered the lawsuit and the claims against him will proceed through the normal course of litigation.

So **ORDERED** and **SIGNED** this **4th** day of **November, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE